UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAPAZYAN MKRTICH, (A-Number: 079-605-128),

        Petitioner,

    v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

        Respondent.

Case No.  1:26-cv-4042-DAD-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention without a bond hearing violates the Fifth Amendment.  ECF No. 1 at 7.  Respondent argues that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) based on a prior conviction for possession of a controlled substance.  ECF No. 6 at 2.  For the following reasons, I recommend that the petition be denied.

**Background**

Petitioner Papazyan Mkrtich, a citizen of Armenia, was admitted to the United States on January 11, 2002, as an asylee.  ECF No. 6-1 at 3.  In 2006, he became a lawful permanent resident.  *Id.*  He has been convicted of several offenses, including a felony assault with deadly weapon in 2024, felony receipt of stolen property in 2019, and misdemeanor possession of a controlled substance in 2014.  *Id.* at 3-4.  Petitioner was detained by respondent on August 26,

1

2025, after an arrest by local authorities. *Id.* at 2. He is currently in removal proceedings. *See* ECF 6-3 at 1.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### Analysis

Petitioner claims that his prolonged detention without a bond hearing violates due process.[1] ECF No. 1 at 7. In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026). Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(B) because his criminal history includes an offense "covered in [8 U.S.C.] section 1227(a)(2)(B). . . ." ECF No. 6 at 2. Respondent specifically argues that petitioner has been convicted of "a violation of . . . any law . . . relating to a controlled substance," as he has been convicted of possessing a controlled substance. *See* ECF No. 6 at 2-3

---

[1] Petitioner filed a motion for appointment of counsel. ECF No. 2. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

2

(citing 8 U.S.C. § 1227(a)(2)(B)(i)); *see also* ECF No. 6-2 at 35, 44.

Petitioner does not challenge the statutory ground for his detention. Pursuant to section 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023); *see* 8 U.S.C. § 1226(c)(1); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Petitioner concedes that he has "never requested an Immigration bond hearing." ECF No. 1 at 5.

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under section 1226(c) in *Demore v. Kim*, 538 U.S. 510 (2003), an as applied challenge is not foreclosed. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025). "[T]he First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [that section].'" *Id.* at *5 (quoting *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021); *see also Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after *Demore* and *Jennings*, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable).

"[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" *Martinez v. Clark*, No. 2:18-cv-1669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); *see also Loba L.M.*, 2025 WL 2939178, at *5; *Solorzano-Ramirez*, 2026 WL 1257256, at *2; *Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026). As noted in *Rakeshkumar H.P. v. Warden*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026),

"Judges have reached different conclusions about what standards ought to govern constitutional challenges of [this] sort." *See also Keo*, 2025 WL 1029392, at *5 (collecting cases).

Petitioner argues for a bright line six-month standard that is not supported by controlling precedent. *See* ECF No. 1 at 8. After *Demore*, the Court of Appeals held that mandatory detention under section 1226(c) has an implicit six-month limit, at which time the government must justify continued detention by clear and convincing evidence at a bond hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-81 (9th Cir. 2015). But the Supreme Court reversed, finding that this statutory provision cannot reasonably be read to limit detention to six months. *Jennings v. Rodriguez*, 583 U.S. 281, 303-306 (2018). As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018). "Since the *Rodriguez* remand, there has been a dearth of guidance regarding the point at which an individual's continued mandatory detention under Section 1226(c) becomes unconstitutional." *Lopez v. Garland*, 631 F. Supp. 3d 870, 876 (E.D. Cal. 2022) (internal quotation marks and citation omitted).

Because neither the Court of Appeals nor the Supreme Court have provided guidance explaining when a noncitizen's mandatory detention under section 1226(c) becomes unconstitutional, courts in this Circuit have used varied tests to determine whether due process requires a bond hearing. The three main tests are: (1) the general due process assessment under *Mathews v. Eldridge*, 424 U.S. 319 (1976); (2) the test announced in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019); and (3) the test announced in *Lopez*, 631 F. Supp. 3d at 879, where the court determined whether prolonged mandatory detention under section 1226(c) violates the Due Process Clause by considering three factors: "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by

4

the petitioner and the government."[2]

Petitioner does not address the various tests and instead defaults to an assessment under *Mathews*. *See* ECF No. 1 at 10-11. In the absence of binding authority instructing the court which test to employ, I analyze petitioner's claim under the *Lopez* test because that case dealt with the same statutory authority under which petitioner is detained.[3] Moreover, "[w]hile the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case." *Banda*, 385 F. Supp. 3d at 1118. Similarly, the two factors employed in *Banda* but not *Lopez*—the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal—"are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 631 F. Supp. 3d at 879. Accordingly, petitioner's claim is analyzed under the three factors articulated in *Lopez*: (1) the total length of detention to date; (2) the likely duration of future detention; and (3) the delays in proceedings caused by petitioner and the government. I consider each factor in turn.

**I.      Total Length of Detention**

Courts have found that this factor weighs in the petitioner's favor where detention has lasted at least one year. *See, e.g.*, *Baishymyrov v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-1658-DMC, 2026 WL 145644, at *7 (E.D. Cal. Jan. 20, 2026). "In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, No. 18-cv-5321-JSC, 2019 WL 330906, at *3 (N.D.

---

[2] The *Lopez* test utilizes three factors from the *Banda* test. *Lopez*, 631 F. Supp. 3d at 877-79. In *Banda*, to determine whether prolonged mandatory detention under section 1225(b) violates the Due Process Clause, the court also considered "the conditions of detention" and "the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)).

[3] If I analyzed petitioner's claim under *Mathews*, I still would conclude that he is not entitled to a bond hearing. While petitioner has a private interest that is affected by detention, the probable value of a bond hearing is low because petitioner does not contest that he was convicted of possession of a controlled substance, and the government has an interest—recognized by section 1226(c)—in detaining petitioner without a bond hearing. *See Mathews*, 424 U.S. at 335.

5

Cal. Jan. 25, 2019) (collecting cases) (cleaned up).

Here, petitioner has been detained for approximately ten months. Accordingly, because petitioner has been detained for less than one year, this factor weighs in respondent's favor.

**II.      Likely Duration of Future Detention**

The court must next determine "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings— including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up). Though petitioner does not raise the issue, some courts have found that the possibility of an appeal warrants weighing this factor in the petitioner's favor. *See, e.g.*, *Arido-Sorro v. Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."). While there is no evidence in the record to determine the likelihood of such appeal, or how long such process would take, petitioner is entitled to some deference based on the prospect of an appeal increasing the length of the removal proceedings.

Accordingly, I find that the second factor weighs in favor of petitioner, although only slightly, given the lack of evidence or argument presented by petitioner.

**III.     Delays in Proceedings Caused by Petitioner and the Government**

Lastly, the court must consider the nature and extent of delays caused by petitioner and the government. Respondent cites petitioner's litigation strategy as the reason for the delay in his removal case. *See* ECF No. 6 at 4-5; ECF No. 6-3. As petitioner has not explained the reason for the delay in his removal case, I find that the third factor weighs in favor of respondent.

On balance, while the likely duration of future detention weighs slightly in favor of petitioner, that factor is outweighed by the total length of detention, "which is the most important factor." *See Banda*, 385 F. Supp. 3d at 1118. Petitioner's litigation strategy also appears to be responsible for at least some of the delay. Accordingly, a weighing of the *Lopez* factors supports a finding that petitioner's detention does not violate his Fifth Amendment Due Process rights.

I recommend that his petition for writ of habeas corpus be denied.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion for the appointment of counsel, ECF No. 2, is DENIED.

Further, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 25, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7