UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAPAZYAN MKRTICH,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONS CENTER,

Respondent.

No. 1:26-cv-04042-DAD-JDP (HC)

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 7)

Petitioner Papzyan Mkrtich is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 25, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be denied. (Doc. No. 7.) Specifically, the magistrate judge found that petitioner was detained on August 26, 2025, by immigration authorities and that he is currently detained pursuant to 8 U.S.C. § 1226(c). (*Id.* at 2–3.) The findings and recommendations adopted the multi-factor procedural due process test employed by the district court in *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022) to determine whether petitioner's detention without a bond hearing was so prolonged as to violate due process. (*Id.* at 4–6.) The findings and recommendations concluded that it was not and,

accordingly, recommended denial of the pending habeas petition. (*Id.*) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) To date, neither party has filed objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court declines to adopt the pending findings and recommendations.

The findings and recommendations aptly summarize that there are multiple tests that have been used by courts in the Ninth Circuit to determine whether due process requires a bond hearing where a noncitizen is subject to mandatory detention pursuant to § 1226(c). (Doc. No. 7 at 4.) However, the undersigned has previously applied the three-part test identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976) in light of the Ninth Circuit finding that test to be appropriately employed under circumstances similar to the present case. *See Roque Soto v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-00893-DAD-CSK, 2026 WL 1983409, at *2 (E.D. Cal. July 9, 2026). The court incorporates its reasoning set forth in that prior order and finds that, in light of petitioner being subject to mandatory detention with no opportunity for a future bond hearing and having been detained for a period of eleven months without any bond hearing, consideration of the *Mathews* factors weigh in favor of granting petitioner's petition for writ of habeas corpus and ordering a bond hearing. *Id.* at *3; *see also Estrada Sanchez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-01964-KES-SKO (HC), 2026 WL 764693, at *3 (E.D. Cal. Mar. 18, 2026) (finding that the petitioner had a strong liberty interest where he had been detained without a bond hearing for ten months), *report and recommendation adopted*, No. 1:25-cv-01964-KES-SKO (HC), 2026 WL 913001 (E.D. Cal. Apr. 2, 2026); *Ramon v. Blanche*, No. 26-cv-02849-CFE, 2026 WL 1836006, at *2 (C.D. Cal. June 17, 2026) (finding a strong liberty interest where the petitioner was detained without a bond hearing for seven months); *Hernandez v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-01772-SAB (HC), 2026 WL 453517, at *5 (E.D. Cal. Feb. 18, 2026) (finding that the risk of erroneous deprivation was high where the petitioner had never received a bond hearing and that

the government's interest in detaining the petitioner without any bond hearing was low). Accordingly, the court declines to adopt the pending findings and recommendations and will instead grant the pending petition for habeas relief.

1. The court DECLINES to adopt the findings and recommendations issued on June 25, 2026 (Doc. No. 7);
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondent is ORDERED to provide petitioner Papazyan Mkrtich, A-File No. 079-605-128, with a substantive bond hearing before an immigration judge within ten (10) days of the date of entry of this order, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or flight risk by clear and convincing evidence;
   b. In the event respondent fails to provide petitioner with a bond hearing within ten (10) days, respondent shall immediately release petition from its custody on reasonable conditions;
3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE